IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KENNETH W. GILES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-1283C |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING THE CLAIMS REMAINING TO BE ADJUDICATED

Pursuant to Rule 12(c) of the Rules of the United States Court of Federal Claims, defendant respectfully requests the Court to grant the Government judgment on the pleadings, dismissing the claims remaining to be adjudicated in this case, i.e., plaintiffs' claims for overtime0pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., arising from time solely spent driving a Government vehicle between home and work. The ground for this motion is that, with respect to time solely spent driving a Government vehicle between home and work, the complaint fails to state a claim upon which relief can be granted.

DEFENDANT'S BRIEF

Question Presented

Whether plaintiffs are entitled to FLSA overtime pay for time solely spent driving between home and work in a Government vehicle.

Statement Of The Case

In August 2005, the parties entered into a partial settlement agreement resolving certain claims in this case as set forth in their Stipulation of Partial Dismissal filed herein on August 9, 2005. See Docket Entry No. 10. As stated in the Stipulation, the partial settlement agreement and the Stipulation covered plaintiffs' claims for compensation under FLSA based upon

employment at grades GS-9 through GS-13 in occupational series 391, 397, 856, 1801 and 1802 at the Bureau of Alcohol, Tobacco Firearms and Explosives ("BATF"), and in occupational series 391 at the United States Secret Service. The stipulation also stated that the settlement and Stipulation did not cover plaintiffs' claims under the FLSA for the time solely spent driving a Government vehicle between home and work, or claims based upon employment in positions and at agencies other than those identified in the Stipulation.

In December 2005, the parties entered into a partial settlement agreement resolving certain claims in this case as set forth in their Stipulation of Partial Dismissal filed herein on December 9, 2005. See Docket Entry No. 11. As stated in the Stipulation, the partial settlement agreement and the Stipulation covered plaintiffs' claims for compensation under FLSA based upon employment at grades GS-9 through GS-13 in occupational series 1801 in non-supervisory Technical Enforcement Officer ("TEO") positions or other technical positions that were reclassified as 1801 TEO positions at the Bureau of Immigration and Customs Enforcement ("ICE") or its predecessor, the United States Customs Service. Like the August 2005 Stipulation, the December 2005 stipulation also stated that the settlements and Stipulation did not cover plaintiffs' claims under the FLSA for the time solely spent driving a Government vehicle between home and work, or claims based upon employment in positions and at agencies other than those identified in the Stipulation.

In June 2007, the parties entered into a partial settlement agreement resolving certain claims in this case as set forth in their Stipulation of Partial Dismissal filed herein on June 29, 2007. See Docket Entry No. 14. As stated in the Stipulation, the partial settlement agreement and the Stipulation covered plaintiffs' claims for compensation under FLSA based upon

employment by the Drug Enforcement Administration ("DEA") in non-supervisory Diversion Investigator positions at grades GS-9 through GS-13 in occupational series 1801 and 1810. Like the August 2005 and December 2005 Stipulations, the June 2007 Stipulation stated that the settlement and Stipulation did not cover plaintiffs' claims under the FLSA for the time solely spent driving a Government vehicle between home and work, or claims based upon employment in positions and at agencies other than those identified in the Stipulation.

The complaint in this case does not allege any claims based upon employment in positions and at agencies other than those identified in the above-referenced Stipulations. Nor does the complaint allege any claims other than for compensation under the FLSA. Accordingly, the only claims that remain to be adjudicated in this case are plaintiffs' claims for compensation under the FLSA arising from time solely spent driving a Government vehicle between home and work while employed in positions and at agencies identified in the Stipulations as being covered by the referenced settlements.

Claims identical to the home-to-work driving claims involved in this case, asserted by thousands of criminal investigators and other employees in various related positions, have previously been adjudicated by this Court. This Court entered summary judgment in favor of the Government as to all of these claims, holding that the driving in question did not constitute compensable work under the FLSA, and the United States Court of Appeals for the Federal Circuit unanimously affirmed these decisions. See Adams v. United States, 65 Fed. Cl. 217 (2005), aff'd, 471 F.3d 1321 (2006) , reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007), cert. denied, 128 S.Ct. 866 (2008); Bobo v. United States, 37 Fed. Cl. 690 (1997), aff'd, 136 F.3d 1465 (Fed. Cir. 1998).

The home-to-work driving issue in this case is the same as the issue decided in Bobo and Adams. The activity in question – driving between home and work in a Government vehicle – is the same. The positions involved here are, like the positions involved in Adams, are investigative or technical positions relating to law enforcement. But, even if some of the positions here differ somewhat from those in Bobo and Adams, the activity at issue does not. With respect to the question whether the driving in question constitutes compensable work under the FLSA, there is no material difference between the driving involved here and in Bobo and Adams. Under controlling precedent, as established by the Federal Circuit in Bobo and Adams, plaintiffs' claim under the FLSA for the time solely spent driving a Government vehicle between home and work must be dismissed as a matter of law.

## ARGUMENT

### I. Under Controlling Precedent, Plaintiffs Are Not Entitled To FLSA Compensation For Time Solely Spent Driving A Government Vehicle Between Home And Work

As the Federal Circuit has observed, "[t]here can be no question that the Court of Federal Claims is required to follow the precedent of the Supreme Court, our court, and our predecessor court, the Court of Claims." Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006). This Court "may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit any more than the Federal Circuit can deviate from the precedent of the United States Supreme Court." Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005). The legal issues governing this motion have been decided in the Government's favor by this Court in Bobo and Adams, and these decisions have been affirmed by the Federal Circuit upon appeal. These decisions establish that time solely spent driving between home and work in a Government vehicle is not compensable .

Adams involved criminal investigators at BATF, the Customs Service, DEA, and the Secret Service, as well as employees in various other positions relating to law enforcement at the Customs Service and the Secret Service (including the position of GS-391 Telecommunications Specialist at the Secret Service). See Adams, 65 Fed. Cl. at 219, 231. This case involves employees in technical positions relating to law enforcement at BATF, at the Customs Service and its successor, ICE, and at the Secret Service (including GS-391 telecommunications specialists at the Secret Service), as well as one employee in an investigative position (Diversion Investigator) at DEA. See Complaint ¶ 1 and consent forms attached to Complaint. The driving claims adjudicated in Adams, like the driving claim at issue here, were the subject of dispositive motions filed after the parties had entered into partial settlements reserving for adjudication the plaintiffs' claims for time solely spent driving between home and work in a Government vehicle. See Adams, 65 Fed. Cl. at 219-220. The complaint in this case alleges no facts concerning plaintiffs' home-to-work driving that can serve as a basis for distinguishing this driving from the driving in Adams. Indeed, the complaint contains no allegations at all concerning driving. Cf. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)," (citations and footnote omitted)).

The Court in Adams concluded that the Government was entitled to judgment as a matter of law as to all of the driving claims as to which dispositive motions had been filed. With respect to the Government's summary judgment motion concerning plaintiffs' claims arising from their driving between home and work while employed in the various non-criminal investigator positions involved, the Court stated:

> The only type of claim addressed in defendant's 2002 motion is commuting time claims while driving a government vehicle to and from work, as substantiated by the settlement agreements concerning these plaintiffs. . . . Despite plaintiffs' contention that defendant "has submitted no facts, material or otherwise, in support of its motion," Pls.' 2002 Opp. at 2, the court finds that defendant has identified the plaintiffs' claims, and controlling law concerning those claims to a degree sufficient to decide defendant's 2002 motion as a matter of law.

65 Fed. Cl. at 231. Similarly, with respect to the parties' cross-motions for summary judgment concerning plaintiffs' claims arising from their driving between home and work while employed as criminal investigators, the Court stated:

> The only type of claim addressed in defendant's 2004 motion is commuting time claims for "'time spent solely driving'" a government vehicle to and from work, as substantiated by the 2003 settlement agreement concerning these plaintiffs. . . . Despite plaintiffs' contention that defendant "has submitted no facts in support of its motion," Pls.' 2004 Opp. at 33, the court finds that defendant has identified the plaintiffs' claims, and controlling law concerning those claims to a degree sufficient to decide defendant's 2004 motion as a matter of law.

65 Fed. Cl. at 240.

In so ruling, this Court relied largely upon Bobo, a case in which the Federal Circuit rejected home-to-work driving claims under the FLSA by Immigration and Naturalization Service ("INS") Border Patrol agent dog handlers, who were required by the INS to have their dogs reside with them, and were provided by the agency with specially equipped vehicles to transport the dogs between their homes and Border Patrol offices or other work locations. In affirming this Court's decision of the home-to-work driving motions in Adams, the Federal Circuit similarly relied upon its prior decision in Bobo, and held: "Because Bobo entitles the government to judgment as a matter of law on the facts advanced by the plaintiffs, the Court of

Federal Claims correctly granted summary judgment to the government." 471 F.3d at 1328 (emphasis added).

In sum, according to binding precedent, plaintiffs are not entitled to compensation under the FLSA for time spent solely driving between home and work in a Government vehicle.

## II. There Is No Material Difference Between The Driving Claims Involved Here And Those Previously Decided In This Case

In the earlier decisions in Adams concerning home-to-work driving, this Court and the Federal Circuit applied the reasoning in Bobo – a case involving INS dog handlers – to a variety of other positions at other agencies. Although the decisions in Adams involved positions that were different from the dog handlers in Bobo and different from each other, neither this Court nor the Federal Circuit found these differences to be material to the issue of whether the plaintiffs involved were entitled to FLSA compensation for their home-to-work driving. Indeed, despite these differences, the Federal Circuit expressly found all of these driving claims to be materially the same, observing that "[i]n Bobo, Border Patrol dog handlers raised a basically identical claim under FLSA." 471 F.3d at 1326 (emphasis added).

Further, the common denominator that this Court found to underlie all of the driving claims it decided in Adams was that the nature and scope of these claims were defined by the relevant partial settlement agreements and stipulations of partial dismissal to consist of claims for driving between home and work, not claims for driving in the course of other activities that might constitute compensable work. 65 Fed. Cl. at 231, 240. The same common denominator underlies the claims involved in the present motion. These claims have been reserved for adjudication under the terms of three partial settlement agreements and three stipulations of partial dismissal that resolved plaintiffs' FLSA claims except for "claims arising from time

solely spent driving a Government vehicle between home and work . . . ." Stipulations of Partial Dismissal, Docket Entries 10, 11, 14 (emphasis added).

The rule established in Bobo and reiterated in Adams applies equally here: "Bobo still teaches that commuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is de minimis." Adams, 471 F.3d at 1328. And, this case does not present the question whether plaintiffs performed work during their commutes beyond the mere act of driving, because plaintiffs' claims under the FLSA have been settled except with respect to time solely spent driving a Government vehicle between home and work. Plaintiffs cannot distinguish their driving claims from those adjudicated in Bobo and Adams by pointing to differences between the positions or grades involved in those cases and the positions or grades involved here, between the nature of the driving done in the course of performing the duties of the positions addressed in those cases and the positions involved here, or between the time spent by plaintiffs in those cases and in this case performing activities during their commutes beyond solely driving. No such distinctions are relevant to what is at issue here: time solely spent driving to and from work. Given the reasoning of this Court and the Federal Circuit in rejecting the driving claims involved in Bobo and Adams – reasoning that did not turn upon the nature of the work performed by the plaintiffs in their diverse positions when they were at work rather than driving between home and work – plaintiffs cannot argue that their home-to-work driving claims in this case are materially different from those decided in Bobo and Adams.

CONCLUSION

For the foregoing reasons, the claims remaining to be adjudicated in this case should be dismissed.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

July 1, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING THE CLAIMS REMAINING TO BE ADJUDICATED," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**